## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | **Bankruptcy No. 17-81489** |
| PENNY C. HAMM, | ) | |
| Debtor. | ) | **Chapter 7** |
| | ) | |
| | ) | **Judge Lynch** |
| | ) | |

## MEMORANDUM OPINION

This matter comes before the court on the Chapter 7 trustee's objection to the Debtor's claim that the funds she holds in an Edward Jones account are exempt as retirement plan assets under 735 Ill. Comp. Stat. 5/12-1006. (ECF No. 26. (the "Objection").)  The Debtor, Penny C. Hamm, had been listed as a beneficiary on her mother's retirement account.   After her mother died, Ms. Hamm opened a new "Individual Retirement Account" at Edward Jones with proceeds from her mother's account.   The Debtor now asserts the funds in her account qualify for the state exemption.   The case trustee objects on the grounds that the account is an inherited retirement account, arguing that the holding in *Clark v. Rameker*, 134 S. Ct. 2242 (2014) that such accounts do not qualify for the federal exemption for retirement funds under 11 U.S.C. § 522 should apply equally to the Illinois exemption. The Debtor maintains that the funds are exempt, arguing among other things that the Illinois statute provides a broader exemption than the federal exemption considered in *Rameker*.

For the reasons discussed below, this court finds that the account does not

qualify for the Illinois' exemption for retirement plans and will sustain the trustee's objection on that ground.

## JURISDICTION

The Court has jurisdiction to decide this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The allowance or disallowance of exemptions from property of the estate is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Matters such as this arise from the Debtor's bankruptcy, indeed "stem[ ] from the bankruptcy itself," and, therefore, this court has constitutional and statutory authority to decide this matter. *Stern v. Marshall*, 546 U.S. 500 (2011).

## PROCEDURAL AND FACTUAL BACKGROUND[1]

The facts are largely undisputed. The parties have elected to stand on their briefs and accompany exhibits, to which no objections were raised, without calling witnesses. Debtor Penny Hamm, a resident of Island Lake, Illinois, filed her bankruptcy petition under Chapter 7, together with schedules, on June 22, 2017. In Schedule A/B, she listed as a "retirement or pension" account what she described as an "IRA" account at Edward Jones valued at $16,000. She claimed an exemption under "735 ILCS 5/12-1006" for property described as "Edward Jones" in her Schedule C asserting an exemption of $16,000 and listing her value in the asset as $16,000.

---

[1] The following sets forth this Court's findings of fact as required by Fed. R. Bankr. P. 7052. To the extent any findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

After the Chapter 7 trustee objected to her claim of exemption under section 5/1/12-1006 (ECF No. 26), the Debtor amended Schedule C to claim a $2,113.00 exemption in the Edward Jones account pursuant to the Illinois wildcard exemption, 735 ILCS 5/12-1001(b).[2] By doing so she reduced her claim of exemption under 735 ILCS 5/12-1006 to $13,887.00. During oral argument the Debtor's attorney explained that the Debtor was asserting the remainder of her wildcard exemption for the account "in the alternative" and to "hedge her bets" in case the claim of exemption under section 12-1006 is denied. The trustee does not object to the claimed wildcard exemption.

The parties agree that the funds in the Debtor's Edward Jones account derive from a pre-petition inheritance, namely, an IRA account maintained by the Debtor's mother at Edward Jones. The Debtor's mother passed away on March 6, 2017. At oral argument Debtor's counsel represented, and the trustee does not dispute, that at the time of her mother's death the Debtor was one of four or five designated beneficiaries on the mother's IRA account.

The parties also do not dispute that a new account was opened at Edward Jones with the Debtor's portion of the mother's account.[3] The court received without objection a copy of an "Individual Retirement Account Authorization Form and Beneficiary Designation" signed by the Debtor on March 28, 2017 (the "2017 Authorization"), by which the Debtor agreed to the terms of the attached Edward

---

[2] This exemption permits a debtor to assert a personal property exemption in the "debtor's equity interest, not to exceed $4,000 in value, in any other property" not already fully exempted. 735 Ill. Comp. Stat. 5/12-1001(b).

[3] In the Debtor's response to the trustee's objection, she admits that "the Debtor's proportionate share of her mother's I.R.A. was transferred from an account at Edward Jones to the Debtor personally and it is that amount of money that makes up the asset listed by the Debtor as an I.R.A. on her schedules and claimed as exempt." (Debtor's Resp., ECF No. 31, ¶3; Trustee's Objection, ECF No. 26, ¶3.)

Jones Traditional Individual Retirement Account Custodial Agreement.[4] In the 2017

Authorization the Debtor designated her own primary beneficiaries (ECF No. 44).

## DISCUSSION

Even though an IRA account may "automatically pass[ ] to the participant's

beneficiary, by operation of the contract" upon the participant's death, "some IRA

providers reserve one or more of" the titles "inherited IRA," "beneficiary IRA" or

"decedent IRA" "exclusively for an account that the *beneficiary* has opened to receive

and/or hold death benefits payable to such beneficiary from a decedent's plan or IRA."

NATALIE B. CHOATE, LIFE AND DEATH PLANNING FOR RETIREMENT BENEFITS 254 (7th

Ed. 2011). The account at issue here appears to be of the latter type. Rather than

"simply retitling the account to reflect [the participant's] death," the multiple

beneficiaries here appear to have requested that the account be divided into separate

accounts in what is sometimes referred to as "an IRA-to-IRA transfer." Choate at 259.

In such a transfer, a portion of the participants' "IRA assets is moved via IRA-to-IRA

transfer to each child's separate inherited IRA." *Id.* As explained in IRS private letter

rulings,

> Revenue Ruling 78-406, 1978-2 C.B. 157 ("Rev. Rul. 78-406"), provides
> that the direct transfer of funds from one IRA trustee to another IRA
> trustee, even if at the behest of the IRA holder, does not constitute a
> payment or distribution to a participant, payee or distributee, as those
> terms are used in section 408(d) of the Code. Furthermore, such a
> transfer does not constitute a rollover distribution. Rev. Rul. 78-406 is
> applicable if the trustee-to-trustee transfer is directed by the beneficiary
> of an IRA after the death of the IRA owner as long as the transferee IRA
> is set up and maintained in the name of the deceased IRA owner for the
> benefit of the beneficiary.

---

[4] The attached "agreement" itself is an unsigned form agreement with no references to the Debtor or
her mother.

I.R.S. P.L.R. 201503024 (Jan. 16, 2015).

Such appears to be the case here and the Debtor has not contended otherwise. The 2017 Authorization is the sole document signed by the Debtor with respect to the account submitted to this court. It designates the account as an "Inherited IRA." (ECF No. 44.) The 2017 Authorization lists and is signed by the Debtor alone as "Owner/Custodian/Guardian." The Debtor's mother is identified as a "deceased individual" in the document which further lists as "Destination: New Accounts." (*Id.*)

The Debtor does not contend that the new account itself is a newly-formed and qualified traditional IRA, as opposed to an "inherited individual retirement account" as such term is used in 26 U.S.C. § 408(d)(3)(C). Somewhat confusingly, the 2017 Authorization form marks the "type" of account as both a "Traditional IRA" and as an "Inherited IRA." However, the court concludes from the document that the reference to "Traditional IRA" refers to the original account while "Inherited IRA" refers to the newly formed account opened to receive the Debtor's interest in the original account as beneficiary. While the unsigned "custodial agreement" attached to the authorization form includes language that "I am establishing a traditional Individual Retirement Account ('IRA') under Section 408(a) of the Internal Revenue Code of 1986," neither party has contended that the newly-formed account qualifies as a traditional IRA account. The "agreement" does not contain any specific references to the Debtor. Indeed no evidence has been presented to show that this "agreement" was attached to the 2017 Authorization form for any purpose other than to incorporate certain of its terms into the form agreement. Notably, the 2017

Authorization form states in bold "**I ACKNOWLEDGE THAT THE TRADITIONAL INDIVIDUAL RETIREMENT ACCOUNT CUSTODIAL AGREEMENT CONTAINS ON PAGE 6, ARTICLE VIII, SECTION 16, A BINDING ARBITRATION PROVISION, WHICH MAY BE ENFORCED BY THE PARTIES.**" (ECF No. 44.)

Despite the language in the attachment referring to "a traditional Individual Retirement Account," the new agreement under these circumstances, does not constitute a qualified traditional IRA. The written governing instrument must prohibit contributions other than in cash or qualified rollovers in order to qualify as an individual retirement account under 26 U.S.C. § 408(a). Section 408(a) further provides that any amount received by an individual from an "inherited individual retirement account" (defined in the same subsection to exclude accounts inherited from spouses) is not a qualified rollover. 26 U.S.C. § 408(d)(3)(C). If the newly formed account permitted rollover from the inherited IRA, as is the case, it will not qualify as an individual retirement account despite any designation to the contrary. *See also, Clark v. Rameker*, 134 S. Ct. 2242, 2245 (2014) ("When anyone other than the owner's spouse inherits the IRA, he or she may not roll over the funds; the only option is to hold the IRA as an inherited account.").

Instead, the Debtor contends that Illinois permits exemption of inherited individual retirement accounts under 735 ILCS 5/12-1006. The trustee disagrees and objects primarily on the basis of authority interpreting the federal exemption statute. The Seventh Circuit, as affirmed by the Supreme Court, has determined that an inherited IRA does not fall within the scope of "retirement funds" exempted under

section 522(b)(3)(C) of the Bankruptcy Code. *In re Clark*, 714 F.3d 559 (7th Cir. 2013),

*aff'd by Clark v. Rameker*, 134 S. Ct. 2242 (2014). The trustee contends that the same

result should apply to the Illinois exemption for "retirement plans." 735 Ill. Comp.

Stat. 5/12-1006(b).

The final version of the federal exemption that Congress enacted in 1978 "was

a compromise between the two houses of Congress." *In re Ondras*, 846 F.2d 33, 35 (7th

Cir. 1988). The Senate proposed that state law would govern exemptions in

bankruptcy. The House bill proposed allowing debtors to choose between state law

exemptions and enumerated federal exemptions." *Id.* The final version effected a

compromise giving debtors the choice between state and federal exemptions but

adding an opt-out provision in section 522(b)(1) to permit states to prohibit resident

debtors from choosing federal exemptions. *Id.* Illinois has opted out of the federal set

of exemptions in Section 522(d). Therefore, the Debtor is only entitled to the

exemptions set forth in section 522(b)(3) which incorporate exemptions provided by

Illinois law. 735 ILCS 5/12-1201.

The Illinois General Assembly enacted the exemption at issue in 1989. 1989

Ill. Legis. Serv. P.A. 86-393 (adding Section 12-1006, effective August 30, 1989). In

contrast, the federal bankruptcy exemption at issue in *Clark* was enacted in 2005

when Congress amended the Bankruptcy Code to add an exemption for certain

qualified "retirement funds." 11 U.S.C. § 522(d)(12). At the same time, it amended

section 522(b)(3) of the Bankruptcy Code to provide an identical exemption for debtors

selecting state exemptions regardless of whether such state would exempt such

property. Specifically, in addition to exemptions provided by applicable state law, section 522(b) was amended to exempt "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986."11 U.S.C. § 522(b)(3)(C).[5]

The *Clark* case involved a Wisconsin debtor who had inherited her mother's individual retirement account prior to filing a Chapter 7 bankruptcy petition. *In re Clark,* 450 B.R. 858 (Bankr. W.D. Wisc. 2011). The mother had established the individual retirement account in August 2000, naming the debtor as beneficiary. The mother passed away in September 2001. In late November 2001, the debtor established a "beneficiary individual retirement account" to which she caused the funds from her mother's account to be distributed less than a week later. *Id.* The debtor received monthly distributions from the account from January 2002 until October 2010, when she filed her Chapter 7 petition. In her schedules the debtor claimed the remainder of the account to be exempt from the bankruptcy estate under both a Wisconsin exemption statute and under section 522(b)(3)(C) of the Bankruptcy Code. *Id.*

The bankruptcy court sustained the trustee's objection to the exemption claim, finding that neither the Wisconsin exemption nor section 522(b)(3)(C) applied to inherited IRAs such as the debtor's. 450 B.R. at 866. The trustee appealed only the

---

[5] *See, e.g., In re Holland,* 366 B.R. 825, 829 (N.D. Ill. 2007) ("The exemptions set forth in paragraphs (b)(3)(A)-(C) are connected by the conjunction 'and,' evidencing Congress' intent that they be cumulative, not alternative.").

ruling on the section 522(b)(3)(C) holding. The district court reversed the bankruptcy court and remanded the case. The Seventh Circuit reversed the district court's ruling and the Supreme Court affirmed the court of appeals. *Clark v. Rameker*, 134 S. Ct. 2242 (2014).

Noting that the term "retirement funds" is not expressly defined in the Bankruptcy Code, the Supreme Court construed the term with the ordinary meaning of the component terms "retirement" and "funds." *Id.* at 2246. Finding the term to be "properly understood to mean sums of money set aside for the day an individual stops working," the Court "look[ed] to the legal characteristics of the account in which the funds are held, asking whether, as an objective matter, the account is one set aside for the day when an individual stops working." *Id.* The Supreme Court then rejected the Debtor's argument that the account should be considered exempt because the original source of the account had been tax-qualified retirement funds of the mother while in the account of the mother. In doing so the Court highlighted that section 522(c)(3)(C) sets forth "not one but two conditions in order to be exempt: the funds must be 'retirement funds,' and they must be held in a covered account." *Id.*

In contrast to the federal exemption addressed in *Clark*, the Illinois exemption for "retirement plans" provides:

> A debtor's interest in or right, whether vested or not, to the assets held in or to receive pensions, annuities, benefits, distributions, refunds of contributions, or other payments under a retirement plan is exempt from judgment, attachment, execution, distress for rent, and seizure for the satisfaction of debts if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now

or hereafter amended.

735 Ill. Comp. Stat. Ann. 5/12-1006(a).  The statute specifically defines the term
"retirement plan" to include:

> (1) a stock bonus, pension, profit sharing, annuity, or
> similar plan or arrangement, including a retirement plan
> for self-employed individuals or a simplified employee
> pension plan;
> (2) a government or church retirement plan or contract;
> (3) an individual retirement annuity or individual
> retirement account; and
> (4) a public employee pension plan created under the
> Illinois Pension Code, as now or hereafter amended.

735 Ill. Comp. Stat. Ann. 5/12-1006(b).

One Illinois appellate court has found the Supreme Court's decision in *Clark*
to be "controlling" on the issue of whether inherited IRAs are exempt under section
12-1006. *In re Marriage of Branit*, 41 N.E.3d 518, 522 (Ill. App. Ct. 2015). *See also In
re Smith*, 2018 WL 494415 (Bankr. C.D. Ill. Jan. 19, 2018) (relying on *Branit's*
"thorough, comprehensive review of the Illinois retirement plans exemption."). *But
see Chicago Police Sergeants' Ass'n, Policemen's Benevolent & Protective Ass'n, Unit
156A v. Pallohusky*, 86 N.E.3d 1123, 1130 (Ill. App. Ct. 2017) (criticizing certain
portions of the *Branit* decision and finding *Clark* to be of "limited" applicability).

However, this court finds that the *Branit* court gave undue deference to the
interpretation of a federal statute in interpreting a separate state statute which uses
markedly different language.  In particular, this court questions the reasoning in
*Branit* which found it important that section 12-1006(d) of the Illinois statute states
that the section "applies to interests in retirement plans held by debtors subject to

bankruptcy, judicial, administrative or other proceedings pending on or filed after August 30, 1989." 735 Ill. Comp. Stat. 5/12-1006(d).  Based on that, the appellate court concluded that the "fact that the Illinois legislature intended section 12-1006 to be used in bankruptcy cases indicates that it was meant to be the Illinois equivalent of section 522 of the Bankruptcy Code." *Branit*, 41 N.E.3d at 522.

This court cannot agree with that conclusion.  The Illinois statute states that the exemption applies to interests which are subject to bankruptcy proceedings, not that the scope of the exemption shall be determined solely by reference to bankruptcy law.  The Illinois legislature could have and has demonstrated its willingness to incorporate provisions of federal law when it intends to do so. *See, e.g.,* 735 Ill. Comp. Stat. Ann. 5/12-1006(a)'s cross-reference to "applicable provisions of the Internal Revenue Code of 1986."  Nor can it be assumed that the Illinois legislature drafted Section 12-1006 with Bankruptcy Code section 522(b)(3)(C) in mind.  The General Assembly enacted the Illinois exemption more than 15 years *before* the federal exemption for retirement funds. 1989 Ill. Legis. Serv. P.A. 86-393 (adding Section 12-1006, effective August 30, 1989).

*Branit* initially noted that under the Illinois statute "a retirement plan can include, by definition, 'an individual retirement annuity or individual retirement account'" and the statute's silence "as to the difference between a traditional IRA and an 'inherited' non-spousal IRA, the latter of which is treated differently under the Internal Revenue Code." 41 N.E.3d at 522.  Finding the statue ambiguous, the court looked to the Supreme Court's decision in *Clark* for guidance, finding no meaningful

difference between the term "retirement plan" used in 5/12-1006 and the term "retirement funds" used in Section 522(b)(3)(B) of the Bankruptcy Code. *Branit then* "hew[ed] to the established meaning of section 522 of the Bankruptcy Code in interpreting whether the term 'retirement plan' under section 12-1006 of the Code includes inherited IRAs." *Id.* In doing so, the appellate court appears to have glossed the fact that the General Assembly defined the retirement plan exemption using notably broader language than the terms in the federal statute enacted nearly fifteen years later. *Supra* at 13.

While neither of the parties in the case before us contends that the account the Debtor held at Edward Jones as of the petition date qualified as an individual retirement account for purposes of the tax-favored treatment of 26 U.S.C. §408(a), the parties and the documents they submit describe the account as some form of "individual retirement account." As such, the trustee has not met his burden of showing that the account held by the Debtor does not constitute a "retirement plan" as that term is used in section 5/12-1006.[6]

However, the Illinois statute only permits exemption of an interest in a retirement plan "if the plan (i) is intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986, as now or hereafter amended, or (ii) is a public employee pension plan created under the Illinois Pension Code, as now or hereafter amended." Here, it is important to identify which

---

[6] *See generally, In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985) ("[T]he courts in Illinois have consistently held that personal property exemption statutes should be liberally construed to carry out the legislature's purpose in e*nacting them—to protect debtors*.").

of two possible accounts the Debtor seeks an exemption in: the original account opened by and in the name of her mother, or the new account opened in the name of the Debtor after the mother's death. The Illinois statute is worded more broadly than the federal exemption to include a "debtor's interest in or right, *whether vested or not*, to the assets held in *or to receive* pensions, annuities, benefits, distributions, refunds of contributions, or other payments under" a qualified retirement plan." 735 Ill. Comp. Stat. Ann. 5/12-1006(a) (emphasis added).

But, this court need not determine whether the Illinois statute would have permitted the Debtor to exempt her interest or expectancy in the mother's individual retirement account if that account were still in existence as of the petition date. The undisputed facts show that prior to the petition date the Debtor had already opened the new account in her own name and caused the funds she now seeks to exempt to be transferred into her new account. Neither party contends, let alone has presented admissible evidence that would show that the newly opened account was intended in good faith to qualify as a retirement plan under applicable provisions of the Internal Revenue Code of 1986. Accordingly, this court must find that the account in the Debtor's name does not qualify under the Illinois exemption.

Finally, even if the Debtor were able to claim an exemption in the original account in the mother's name as an unvested right to receive assets, the Debtor cannot claim an exemption in the current account as proceeds of exempt property. In comparing 735 ILCS 5/12-1001(g)(1)'s exemption for a "debtor's right to receive" certain benefits payments with 735 ILCS 5/12-1001(h)'s exemption for a "debtor's

right to receive, *or property that is traceable to*" certain types of payments, this court has previously held that section 5/12-1001(g) does not exempt property that is merely traceable to the enumerated types of benefits. *In re Frueh*, 518 B.R. 881, 884-85 (Bankr. N.D. Ill. 2014). As the Seventh Circuit has explained, section 5/12-1001(g) "has nothing to do with funds on deposit long after their receipt and commingling with the debtor's other assets [and only] ensures that recipients enjoy the minimum monthly income provided by the benefits laws; it does not entitle recipients to shield hoards of cash." *In re Schoonover*, 331 F.3d 575, 577 (7th Cir. 2003). To the extent section 5/12-1006(a) speaks to exemption of a right to receive assets held in a qualified retirement plan, it does not mention property traceable to property. The mere traceability of the assets to the mother's account does not make the Debtor's new account exempt under section 5/12-1006. Indeed, any other reading of the statute would make the incorporation of the Internal Revenue Code's restrictions on rollover of assets for qualified individual retirement accounts devoid of meaning. Because the Debtor's mother passed away and the assets in her IRA were transferred into the Debtor's newly opened inherited individual retirement account prior to the petition date, the Debtor cannot claim the Illinois exemption for retirement plans.

## CONCLUSION

The court therefore sustains the trustee's objection to claim to exempt the proceeds in her account under the Illinois exemption for retirement plans. However, her claim of remaining so-called wildcard exemption in the amount of $2,113 may be maintained for that amount in the account pursuant to 735 Ill. Comp. Stat. Ann. 5/12-

1001(b). A separate order shall be entered giving effect to the determinations reached herein.

DATE: July 9, 2018

ENTER:

Thomas M. Lynch
United States Bankruptcy Judge